
Glenn H. Schlabs
Nevada Star Bar No. 05124
Sherman & Howard L.L.C.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO  80903
Telephone:  (719) 475-2440
Facsimile:  (719) 635-4576
gschlabs@shermanhoward.com

Scott W. Shaver
Nevada State Bar No. 8662
Swendseid & Stern
50 West Liberty Street, Suite 1000
Reno, NV  89501-1967
Telephone:  (775) 323-1980
Facsimile:  (775) 323-2339
sshaver@shermanhoward.com

Attorneys for Defendants

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ED MULHERON ) | |
| ) | |
| Plaintiff, ) | Case No <u>3:10-CV-00727-LRH-(VPC)</u> |
| ) | |
| vs. ) | |
| ) | **ANSWER** |
| JERZY KOSLA, and KOSLA ) | |
| PROPERTIES, LLC, and ) | |
| DOES I THROUGH X, inclusive ) | |
| ) | |
| <u>            Defendants.            </u> ) | |

Defendants, by and through their undersigned counsel, Sherman & Howard L.L.C., hereby file their Answer, and in support thereof, admit, deny, or otherwise respond as follows:

**FIRST CLAIM FOR RELIEF**
(Cause of Action under the Family and Medical Leave Act
29 U.S.C.A. §§ 2601 to 2654) for Unlawful Termination of Employment)

1.  Plaintiff Ed Mulheron is, and at all times herein mentioned has been, a resident of the City of Reno, State of Nevada.

**RESPONSE:** Admitted.

2.  Defendant Jerzy Kosla is, and at all times herein mentioned has been, a resident of Clark County, Nevada.  Defendant Kosla Properties, LLC, is a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.  Plaintiff is informed and believes and based thereon alleges that defendant Jerzy Kosla and/or defendant Kosla Properties, LLC, is the owner of the Best Western Airport Plaza Hotel ("Best Western") located in Reno, Nevada.

**RESPONSE:** Defendants admit that defendant Kosla Properties, LLC is a limited liability company organized and existing under and by virtue of the law of the State of Nevada. Defendants also admit that defendant Kosla Properties, LLC is the owner of the Best Western Airport Plaza Hotel located in Reno, Nevada.  The remaining allegations in paragraph 2 are denied.

3.  Defendants Jerzy Kosla and/or Kosla Properties, LLC, doing business as the Best Western Airport Plaza Hotel employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

**RESPONSE:** Admitted.

4. At the time of the incidents relevant hereto, plaintiff Ed Mulheron was employed by defendants at the Best Western Airport Plaza Hotel in Reno, Nevada.

**RESPONSE:** Admitted.

5. Plaintiff Ed Mulheron had worked for defendants since November 1, 2005. For the past several years, plaintiff Ed Mulheron has served in the capacity of General Manager for the Best Western Airport Plaza Hotel; and plaintiff Ed Mulheron had worked for more than one thousand two hundred fifty (1,250) hours in the twelve (12) months preceding his notification to defendants for the need for medical leave.

**RESPONSE:** Admitted.

6. On August 1, 2010, while in the defendants' employ and without any advance knowledge or warning, plaintiff Ed Mulheron suffered a serious heart attack. As a result of this heart attack, plaintiff Ed Mulheron was taken to Renown Regional Medical Center where he remained in either an unconscious state or coma until August 13, 2010. Plaintiff Ed Mulheron remained at Renown Regional Medical Center until August 18, 2010, at which time he was discharged. While plaintiff Ed Mulheron was hospitalized at Renown Medical Center, plaintiff Ed Mulheron was visited by defendant Jerzy Kosla. On those occasions, defendant Jerzy Kosla was made aware of the serious nature of plaintiff Ed Mulheron's state of health, as well as plaintiff Ed Mulheron's request for FMLA-protected medical leave due to plaintiff Ed Mulheron's serious health condition.

**RESPONSE:** Defendants admit that on or about August 1, 2010, plaintiff suffered a serious heart attack.  Defendants also admit that plaintiff was taken to Renown Regional Medical Center.  Defendants further admit that while plaintiff was hospitalized at Renown Medical Center, defendant Jerzy Kosla visited plaintiff.  Defendants are without sufficient information to form a belief as to the true or falsity of the specific date of plaintiff's comatose state or the specific date of his discharge from Renown Regional Medical Center, and therefore deny the same.  The remaining allegations in paragraph 6 are denied.

7. While hospitalized, defendants Jerzy Kosla and/or Kosla Properties, LLC, hired an individual on August 4, 2010, to replace plaintiff's position as General Manager of the Best Western Airport Plaza Hotel.  Plaintiff confirmed this fact with defendant Jerzy Kosla while still hospitalized at Renown Regional Medical Center.

**RESPONSE:** Denied.

8. Upon being discharged from Renown Regional Medical Center, plaintiff received a telephone call from defendant Jerzy Kosla on September 24, 2010.  In this telephone conversation, plaintiff informed defendant Jerzy Kosla that plaintiff had seen his cardiologist, Dr. Newmark, on September 21, 2010, and that Dr. Newmark had concluded that plaintiff had recovered sufficiently to be able to return to regular work duties on October 4, 2010.  In response to this information, defendant Jerzy Kosla told plaintiff that he would be coming up to Reno, Nevada on either Thursday, September 30, 2010, or Friday, October 1, 2010, and that the two of them should get together.

**RESPONSE:** Defendants admit that defendant Jerzy Kosla called plaintiff after he was discharged from Renown Regional Medical Center. Defendants are without sufficient information to form a belief as to the truth or falsity of the specific date of the telephone call, and therefore, deny the same. Defendants also admit that in this telephone conversation, plaintiff informed defendant Jerzy Kosla that plaintiff had seen his cardiologist. Defendants further admit that defendant Jerzy Kosla told plaintiff that he would be coming up to Reno, Nevada on either Thursday, September 30, 2010, or Friday, October 1, 2010, and that the two of them should get together. The remaining allegations in paragraph 8 are denied.

8. On Friday, October 1, 2010, defendant Jerzy Kosla contacted plaintiff and asked plaintiff to meet him at Harry's All-American Bar. Plaintiff met with defendant Jerzy Kosla. During that meeting, defendant Jerzy Kosla terminated plaintiff's employment.[1]

**RESPONSE:** Admitted.

9. Plaintiff asserts that his termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Plaintiff's termination was discriminatory on the basis of plaintiff's availing himself of his protected medical leave rights under the FMLA.

**RESPONSE:** Defendants admit that plaintiff is asserting that his termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. The remaining allegations in paragraph 9 are denied.

---

[1] Plaintiff repeated the Roman Numeral "VIII" symbol in his Complaint for both his eighth and ninth paragraphs. Defendants have therefore repeated the number "8" in restating Plaintiff's allegations.

## SECOND CLAIM FOR RELIEF
(Breach of Express Contract of Continued Employment)

10. Plaintiff refers to paragraphs I through VI of his First Claim for Relief and incorporates the same herein by this reference.

**RESPONSE:** Defendants admit, deny or otherwise respond to the incorporated paragraphs as set out in paragraphs 1 through 9 of this Answer.

11. Plaintiff was employed by defendants for the past five (5) years. During this time, plaintiff consistently received either good or excellent performance evaluations by defendants and merit bonuses; he was assured on numerous occasions that he had an employment position with defendants for life, to wit: that plaintiff Ed Mulheron and defendant Jerzy Kosla would die in their positions as General Manager and Owner of the Best Western Airport Plaza Hotel, that he would never be terminated arbitrarily and that defendants would give him an ownership interest in the Best Western Airport Plaza Hotel. Based upon the representations and assurances given by defendant Jerzy Kosla to plaintiff Ed Mulheron, plaintiff remained in the employ of defendants, rather than seeking more beneficial employment elsewhere, and concluded that plaintiff Ed Mulheron and defendants had entered into a contract that plaintiff Ed Mulheron would not be discharged unless there was good cause to do so.

**RESPONSE:** Defendants admit that plaintiff was employed by defendants for the last five (5) years. The remaining allegations in paragraph 11 are denied.

12. Based upon the oral representations and promises made by defendant Jerzy Kosla, as set forth in paragraph XI above, plaintiff Ed Mulheron had an employment contract with defendants that he would be employed by defendants for as long as plaintiff Ed Mulheron desired so long as his performance was satisfactory.

**RESPONSE:** Denied.

13. The terms of the employment included, but were not limited to, the following: defendants would not demote or discharge plaintiff Ed Mulheron without good cause and fair warning, based on objective, reasonable job evaluations of plaintiff.

**RESPONSE:** Denied.

14. Notwithstanding defendants' express promises to terminate the employment contract only for good cause, on or about October 1, 2010, on the alleged ground of poor performance and misuse of funds. The real reason why defendants terminated plaintiff Ed Mulheron was expressed to plaintiff Ed Mulheron while he remained hospitalized at Renown Regional Medical Center. Defendant Jerzy Kosla accused plaintiff Ed Mulheron of abandoning him and his position as General Manager of the Best Western Airport Plaza Hotel when suffered his heart attack of August 1, 2010, and was hospitalized at Renown Regional Medical Center.

**RESPONSE:** Denied.

15. As a proximate result of defendants' breach of the employment contract, plaintiff has suffered and continues to suffer loses [sic] in earnings and other employment benefits, to his damage in an amount in excess of $10,000.

**RESPONSE:** Denied.

### THIRD CLAIM FOR RELIEF
(Breach of Implied Covenant of Good Faith and Fair Dealing)

16. Plaintiff refers to paragraphs I through VI of his First Claim for Relief and paragraphs XI through XV of his Second Claim for Relief and incorporates the same herein by this reference.

**RESPONSE:** Defendants admit, deny or otherwise respond to the incorporated paragraphs as set out in paragraphs 1 through 9 and paragraphs 11 through 15 of this Answer.

17. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any act that would would [sic] deprive plaintiff of the benefits of the contract.

**RESPONSE:** Denied.

18. Plaintiff was employed by defendants for five (5) years, and reasonably relied upon defendants' representations and assurances that he would only be discharged for cause.

**RESPONSE:** Defendants admit that plaintiff was employed by defendants for five (5) years. The remaining allegations in paragraph 18 are denied.

19.     Plaintiff performed all of the duties and conditions of the employment agreement.

**RESPONSE:** Denied.

20.     Defendants knew that plaintiff had fulfilled all his duties and conditions under the contract.

**RESPONSE:** Denied.

21.     Defendants breached the implied covenant of good faith and fair dealing under the employment agreement by arbitrarily, maliciously, oppressively and in bad faith, and without probable cause, discharging plaintiff from his position as General Manager of the Best Western Airport Plaza Hotel for reasons extraneous to the employment contract.  Defendants discharged plaintiff not because of alleged poor performance, but because defendants perceived that the plaintiffs had abandoned defendants when plaintiff suffered a heart attack on August 1, 2010, which resulted in plaintiff's hospitalization at Renown Regional Medical Center until August 18, 2010.

**RESPONSE:** Denied.

22.     As a proximate result of defendants' breach of the implied covenant of good faith and fair dealing, plaintiff has suffered, and continues to suffer, losses in earnings and other

9

employment benefits, to his damage in a sum in excess of $10,000.00.  As a further proximate result of defendants' breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fee in attempting to secure the benefits owed to him under the employment contract.

**RESPONSE:** Denied.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

**Under Plaintiffs' [sic] First Claim for Relief:**

1. Statutory damages in an amount in excess of $10,000.00 for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(I)(A)(i) and 29 U.S.C.A. § 2617(a)(I)(A)(ii);

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(I)(A)(iii);

3. Equitable relief in the form of reinstatement or frontpay, as the Court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(I)(B);

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this curt may deem just and proper.

**Under Plaintiff's Second and Third Claims for Relief:**

5. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;.

6. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

7.      For interest on lost earnings and benefits at the legal rate;

8.      For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

9.      For reasonable attorney's fees incurred by plaintiff in obtaining the benefits due him under the employment contract with defendants.

10.     For costs of suit incurred by plaintiff; and

11.     For such other and further relief as this Court deems just and proper.

**RESPONSE:** Defendants deny that plaintiff is entitled to any requested relief.

## GENERAL DENIAL

12.     Defendants deny any allegation not specifically admitted in this Answer.

13.     Defendants deny Plaintiff is entitled to any requested relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      Plaintiff's First Claim must fail because Plaintiff received the same treatment he would have, had he not taken leave under the Family and Medical Leave Act of 1993 ("FMLA").

2.      Plaintiff's First Claim must fail because Plaintiff was discharged for legitimate and non-retaliatory reasons.

3.      Plaintiff's First Claim must fail because any actions by Defendants were taken for job-related reasons without malice or reckless indifference to the law.

4. Plaintiff's First Claim must fail because Defendants acted in good faith and with the reasonable belief that Defendants' actions were not a violation of the FMLA.

5. Plaintiff's Second and Third Claims must fail because of a failure of consideration.

6. Plaintiff's Second and Third Claims must fail because of estoppel.

7. Plaintiff's Second and Third Claims must fail because of Plaintiff's fraudulent conduct.

8. Plaintiff's Second and Third Claims must fail because of unclean hands.

9. Plaintiff's Second and Third Claims must fail because of no reasonable reliance.

10. Plaintiff's Second and Third Claims must fail because of mistake.

11. Plaintiff's Second and Third Claims must fail because of a breach of any contract by Plaintiff.

12. Plaintiff's Second and Third Claims must fail because of Plaintiff's failure to act in good faith.

13. Plaintiff's Second and Third Claims must fail because of at-will employment.

14. Defendants expressly reserve the right to add or delete defenses as additional information is learned during discovery.

## DEFENDANTS' COUNTERCLAIMS

Defendants, by and through their undersigned counsel, Sherman & Howard L.L.C., hereby submit their Counterclaims, and in support thereof state as follows:

## GENERAL ALLEGATIONS

1. Defendant Jerzy Kosla is a resident of Washoe County, Nevada.

2. Defendant Kosla Properties, LLC is a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.

3. Plaintiff Ed Mulheron ("Plaintiff") is a resident of the City of Reno, State of Nevada.

4. At all times relevant hereto, Plaintiff was employed at the Best Western Airport Plaza Hotel ("Best Western") located in Reno, Nevada.

## FIRST CLAIM FOR RELIEF
(Conversion)

5. Defendants hereby re-allege and incorporate by reference paragraph 1 through 4 of Defendants' counterclaims.

6. Defendants own the Best Western and its assets.

7. While Plaintiff was employed by Defendants at the Best Western, Plaintiff misappropriated certain money and assets ("Property").

8. The Property constitutes property of Defendants.

9. Plaintiff has refused to return or repay the amount of the Property.

10. As indicated by Plaintiff's refusal to return or repay the amount of the Property, Plaintiff has wrongfully exerted dominion and control over the Property in denial of Defendants' rights in that Property.

11. This wrongful dominion and control deprived Defendants of possession and use of the Property.

12. Defendants have been damaged by the actions of Plaintiff in the full amount of the Property together with interest and costs thereon, which exceed $10,000.

### SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

13. Defendants hereby re-allege and incorporate by reference paragraph 1 through 12 of Defendants' counterclaims.

14. The Property constitutes a benefit conferred upon Plaintiff at the Defendants' expense.

15. Plaintiff appreciates this benefit and continues to retain it.

16. Plaintiff's retention of this benefit is unjust and in circumstances where it would be inequitable for Plaintiff to retain the benefit without payment.

17. Plaintiff retains Property that in equity and good conscience belongs to Defendants.

18. Defendants have been damaged by the actions of Plaintiff in the full amount of the Property together with interest and costs thereon, which exceed $10,000.

.      WHEREFORE, Defendants request that the Court enter judgment in favor of Defendants on both claims in an amount in excess of $10,000 together with interest, costs, and attorneys' fees and any other relief that this Court deems just and equitable.

Respectfully submitted this 10th day of December, 2010.

> SHERMAN & HOWARD L.L.C.
>
> /s/ *Glenn H. Schlabs*
> Glenn H. Schlabs
> Sherman & Howard L.L.C.
> 90 S. Cascade Avenue, Suite 1500
> Colorado Springs, CO  80903
> Telephone:  (719) 475-2440
> Facsimile:  (719) 635-4576
> gschlabs@shermanhoward.com
>
> Scott W. Shaver
> Nevada State Bar No. 8662
> Swendseid & Stern
> 50 West Liberty Street, Suite 1000
> Reno, NV  89501-1967
> Telephone:  (775) 323-1980
> Facsimile:  (775) 323-2339
> sshaver@shermanhoward.com
>
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2010, I filed the foregoing, and deposited a copy of the foregoing in the U.S. mail, postage prepaid, addressed to the following:

> James S. Beasley
> Law Office of James Shields Beasley
> 435 Court Street
> P.O. Box 2936
> Reno, NV  89505

> /s/ Sandy Coughlin
> *(Signed original on file at Sherman & Howard L.L.C.)*

SPRINGS\701779.1